UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-23850-CV-WILLIAMS

SERGIO HERNANDEZ,

    Plaintiff,

v.

CAPITAL ONE FINANCIAL CORP.,

    Defendant.

    _____/

## ORDER DISMISSING CASE

**THIS MATTER** is before the Court *sua sponte* upon review of the Complaint (DE 1) and the Motion to Proceed *in forma pauperis* ("***Motion***") (DE 3) filed by Plaintiff Sergio Hernandez. The Court has carefully reviewed the Complaint and the Motion, and for the reasons set forth below, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, courts are permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A lawsuit is frivolous if it is without arguable merit either in law or fact." *Gary v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (quotation marks and citation omitted). A court may reach this conclusion when it finds that either (1) the complaint's factual allegations are "clearly baseless" or (2) its legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Ashcroft v. Iqbal*, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth). Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Although Plaintiff filed the Complaint *pro se* and is therefore held to a less stringent pleading standard, Plaintiff must nevertheless comply with the basics of pleading pursuant to Rule 8(a)(2) and Rule 10(b). Rule 8(a)(2) requires litigants to include "a short and plain statement of the claim showing that the pleader is entitled to relief" in a complaint. Fed. R. Civ. P. 8(a)(2). The requirement of "a short and plain statement of the claim" allows defending parties to identify the claims against them and answer with responsive pleadings. *See id*.; *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (noting that rules of procedure "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive

pleading") (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citations omitted)).  To state a plausible claim for relief, a plaintiff must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  As discussed, pleadings filed by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted).  However, a *pro se* litigant nevertheless must include statements of the claims alleged in their pleadings pursuant to Rule 8(a)(2).

Upon review, the Court finds that Plaintiff has failed to state a claim even under the relaxed pleading standard afforded to *pro se* litigants, and that the Complaint is "indisputably meritless." *Neitzke*, 490 U.S. at 327; *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).  Despite construing the Complaint liberally, the pleading is deficient under Rule 8(a).  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards.").  Plaintiff filed the Complaint against Capital One Financial Corp. and alleges "[b]reach of contract of fiduciary duties of Indenture Trustee Act"; "[r]efusal of tendered instruments"; "[r]efusal of returned instrument"; and "[r]efusal to balance my accounts." (DE 1 at 5.)  Plaintiff attached a composite Exhibit to the Complaint which consists of numerous unidentified documents that bear no

discernable relationship to each other or the Complaint. (DE 1-1.) Plaintiff's allegations are conclusory, impermissibly vague, and fail to give Defendant adequate notice of the claims against it and the grounds upon which the claims rest. Plaintiff therefore fails to substantiate any cause of action. Consequently, Plaintiff's Complaint must be dismissed for failure to state a claim and to comply with Rule 8(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**;
2. All pending motions are **DENIED AS MOOT**; and
3. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 22nd day of January, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:
**Sergio Hernandez**, *Pro Se*
1853 NW 49th St
Miami, FL 33142